CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 15 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THOMAS E. CHURCH, SR., ) | |
|    Petitioner, ) | Civil Action No. 7:07cv00115 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| COMMONWEALTH OF VIRGINIA, et al., ) | By: Samuel G. Wilson |
|    Respondents. ) | United States District Judge |

Petitioner Thomas E. Church, Sr., a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Church challenges his conviction in the Circuit Court for Pittsylvania County for credit card theft. The court finds that Church has failed to exhaust his available state court remedies and therefore dismisses his petition without prejudice.

I.

Church claims that he was arrested on July 30, 2004 and arraigned in late August or early September 2004 for a charge of credit card theft. In October 2004, he appeared before the state court where he states that he was denied counsel and the opportunity to rebut the evidence against him. Church alleges that on November 11, 2004, the court dismissed the charges pending against him. On April 16, 2006, he claims that he was recharged and re-indicted on the same facts and information as his previous charge. Thereafter, on August 9, 2006, the Circuit Court of Pittsylvania County convicted Church of credit card theft and sentenced him to one year and nine months incarceration. Church claims that his equal protection rights were violated, that he was denied the right to fair and speedy trial, and that he was tried twice for the same offense.

Church states that he filed a direct appeal which is still pending. In addition, in December 2006, Church also raised his claims though a state habeas corpus petition in the Supreme Court of Virginia, which was denied without prejudice on January 30, 2007 as premature.

**II.**

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claim to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. Va. Code § 8.01-654. In his petition, Church states that his direct appeal is still pending. Therefore, he still has state court remedies available to him through his direct appeal. Further, although Church has filed a state habeas petition with the Supreme Court of Virginia, he attaches the order from that court denying his petition without prejudice and as premature. Since his state habeas petition was denied without prejudice, he also still has a state habeas remedy available to him. Accordingly, the court finds that he has not exhausted his state court remedies and dismisses Church's petition without prejudice.

**III.**

For the reasons stated herein, the court dismisses Church's petition for failure to exhaust state court remedies.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the petitioner.

ENTER: This 15th day of March, 2007.

United States District Judge